FeeeMAN, J.,
delivered the opinion of the court:
This bill is filed by a wife, by her next friend, with her infant children to have a homestead right declared in a certain lot in the city of Jackson, and also as a bill of re *144 view for error apparent on the face of a certain decree fought to be reviewed in the case, on which the title of defendants rests.
The case is substantially this: Complainant and her husband, before March 28, 1872, had occupied as a home the lot in controversy. On that day the husband conveyed the lot to the wife and son, to the wife for life, and to her sole and separate use, at her death to the child.
In March, 1873, Ewing & Co. filed a bill in the chancery court as creditors of the husband, charging the conveyance to be voluntary, and intended to hinder and delay his creditors. To this bill the wife and child were made parties, the prayer of the bill being that the conveyance be set aside, and so much of the property sold as would be necessary’- to pay complainants’ debts.
The present bill charges that the husband promised to defend the suit, and protect the interest of the wife, but failed to do so; so it was the bill was ultimately taken for confessed against both, and on answer by the guardian ad litem of the infant, was heard, decree rendered declaring the conveyance fraudulent, and ordering the lot sold, which was done, and defendant Tomlin became the purchaser, at the amount of the debt and costs, we believe $354.04. A writ of possession was issued, and the wife turned out of possession, her husband being probably temporarily absent in the city of Memphis.
The first question on these facts is whether the decree made contains error of law on the face of it, for which a bill of review will lie; that is, whether under this bill by the creditor the homestead right has been adjudged subject to sale, and has been sold, for if not so adjudged, and the decree not including: it, then it remains undisposed of, and unaffected by it.
After full consideration a majority of the court hold that the wife being a party to the suit was bound to have interposed her claim for homestead, and not having done *145 so she is precluded from now asserting any right to homestead, and the same is gone. The question was adjudicated. From this view myself and Judge Turney dissent.
The result is that the report of the referees is disapproved, and the decree of the chancellor affirmed, sustaining the demurrer and dismissing complainant’s bill. Costs paid by complainant.